# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: _____

| | |
|---|---|
| Kevin Petersen and Leslie Petersen,<br><br>Plaintiffs,<br>v.<br><br>Leading Edge Recovery Solutions LLC,<br><br>Defendant. | **COMPLAINT WITH JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3. Plaintiffs Kevin and Leslie Petersen, are natural persons who reside in the City of Hutchinson, County of McLeod, State of Minnesota, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Leading Edge Recovery Solutions LLC (hereinafter "Defendant") is a law firm that acts as a "debt collector," as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails to collect or attempts to collect consumer debts in the District of Minnesota from an address of 5440 N. Cumberland Ave, Suite 300, Chicago, IL 60656.

## FACTUAL ALLEGATIONS

5. Sometime prior to December 31, 2007, Plaintiff Kevin Petersen, allegedly incurred a consumer debt, as that term is defined by 15 U.S.C. §1692a(5), with US Bank for family and personal needs.

6. Sometime thereafter Plaintiff's Kevin Petersen allegedly defaulted on the loan, which US Bank then transferred, sold, or assigned to Resurgent Capital for collection.

7. Sometime thereafter Resurgent Capital and/or Credit Control transferred, sold, or assigned the alleged delinquent account to Defendant Leading Edge sometime in January 2009.

8. Plaintiff Kevin Petersen never received written notice from Defendant communicating his right to dispute the alleged debt or the right to receive verification, in violation of 15 U.S.C. § 1692g.

9. Sometime in or around January 2009, Defendant's agent telephoned Plaintiffs' home and demanded payment in full on the alleged debt.

10. Plaintiff Leslie Petersen told Defendant's agent that they could not pay the debt in full at that time and explained that they had been making monthly payments in the amount of $100.00 to Resurgent Capital.

11. Defendant's agent during one of the telephone contacts with Plaintiff Leslie Petersen told them that if Defendant tries to take money from Plaintiffs' account and "there are insufficient funds, we can prosecute you for issuing fraudulent

checks," in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10) and 1692f.

12. At no time did Defendant's agent identify himself, in violation of 15 U.S.C. § 1692b(1).

13. One evening Defendant called Plaintiffs' home multiple times within a fifteen minute period, in violation 15 U.S.C. § 1692(5).

14. Defendant then called Plaintiff Leslie Petersen at home and told her that Defendant had attempted to take money from her checking account but was unable to do so. Plaintiff Leslie Petersen explained that they were not authorized to take any money from their checking account and that Defendant needed to contact Plaintiffs' attorneys.

15. Defendant refused to contact Plaintiffs' attorney, in violation of 15 U.S.C. § 1692b(6).

16. At no time did Defendant's agent state the purpose of the telephone call nor did he disclose the name of Defendant, in violation of 15 U.S.C. §§ 1692d(6) and 1692e(11).

17. Defendant's attempts to take money from Plaintiffs' checking account and statements that Plaintiff Leslie Petersen could go to "jail" for issuing a "fraudulent check," are in violation of 15 U.S.C. §§ 1692d, 1692e, 1692(4), 1692e(5), 1692e(10) and 1692f.

18. Defendant's conduct has caused Plaintiffs' actual damages in the form of emotional distress.

## TRIAL BY JURY

19. Plaintiffs are entitled to and hereby demand a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692 et seq.**

20. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the several provisions of the FDCPA, 15 U.S.C. § 1692 et seq. cited above.

22. As a result of Defendant's violations of the FDCPA, Plaintiffs have suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

- actual damages from Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial; and
- for such other and further relief as may be just and proper.

Dated this 11 of May, 2009.                         Respectfully submitted,


By: s/Thomas J. Lyons, Jr.
**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
Trista M. Roy, Esq.
Attorney I.D. #0387737
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
tommycjc@aol.com


ATTORNEYS FOR PLAINTIFFS

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

**STATE OF MINNESOTA** )
) ss
**COUNTY OF MCLEOD** )

I, Kevin Petersen, having first been duly sworn and upon oath, deposes and says as follows:

1. I am one of the Plaintiffs in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                s/Kevin Petersen
                                                Kevin Petersen

Subscribed and sworn to before me
this 5 day of May, 2009.


s/Nicole M. Melchert-BreirKreutz
Notary Public

-7-

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

**STATE OF MINNESOTA** )
  ) **ss**
**COUNTY OF  MCLEOD**  )

I, Leslie Petersen, having first been duly sworn and upon oath, deposes and says as follows:

6. I am one of the Plaintiffs in this civil proceeding.
7. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
8. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
9. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
10. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

  s/Leslie Petersen
  Leslie Petersen

Subscribed and sworn to before me
this 5 day of May, 2009.


s/Nicole M. Melchert-BreirKreutz
Notary Public